**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re Subpoenas Issued in:<br><br>GREENBERG & LIEBERMAN, LLC,<br>Plaintiff,<br>v.<br>JOHN DOES 1-20, et al.,<br>Defendants. | Miscellaneous Action No. ________<br>(Underlying: D. Md. Civil Action No. 8:26-cv-00187-JRR) |

# DEFENDANT SMART WORLDWIDE FINANCIAL TECHNOLOGY INC.'S MOTION TO QUASH THIRD-PARTY SUBPOENAS ISSUED TO GOOGLE LLC AND EAST WEST BANK

Pursuant to Federal Rule of Civil Procedure 45(c)(3), Defendant Smart Worldwide Financial Technology Inc. ("SMART"), also identified in the Third Amended Complaint and subpoena materials as "SWFT," respectfully moves to quash the third-party subpoenas served on Google LLC ("Google") and East West Bank ("East West Bank") (collectively, the "Subpoenas").[1] Both Subpoenas were issued from the United States District Court for the District of Maryland in *Greenberg & Lieberman, LLC v. John Does 1-20, et al.*, Civil Action No. 8:26-cv-00187-JRR (D. Md.) (the "Underlying Action"), but designate Plaintiff's Washington, D.C. office as the place of compliance. This Court is therefore the "court for the district where compliance is required" under Rule 45(d)(3).

SMART seeks relief because: (i) the Subpoenas require compliance at a location more than 100 miles from where either subpoenaed party resides, is employed, or regularly transacts business in person, in violation of Rule 45(c)(2)(A); and (ii) the Subpoenas seek confidential information.

---

[1] The subpoenas are filed concurrently herewith as Berman Decl., Exs B and C. Certain sensitive personal and financial identifiable information has been redacted, but SMART is able to share the unredacted versions if the Court prefers.

In support thereof, SMART submits the accompanying Memorandum of Law and Declaration of M. Elias Berman.

SMART respectfully requests that the Court: (a) quash the Google Subpoena in its entirety; (b) quash the East West Bank Subpoena in its entirety; (c) in the meantime, order Plaintiff to not review and to destroy all documents produced in response thereto, and submit a certification, under oath, of the same; (d) pending resolution, prohibit production or review of materials responsive to the Subpoenas; and (e) grant such other and further relief as the Court deems just and proper. A Proposed Order is submitted herewith.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Michael S. Nadel*

Michael S. Nadel (D.C. Bar No. 470144)
McDermott Will & Schulte LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000
mnadel@mcdermottlaw.com

Joseph B. Evans (*pro hac vice* forthcoming)
M. Elias Berman (*pro hac vice* forthcoming)
Daniel H. Kaltman (*pro hac vice* forthcoming)
McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, N.Y. 10017
(212) 547-5400
jbevans@mcdermottlaw.com
eberman@mcdermottlaw.com
dkaltman@mcdermottlaw.com

*Counsel for Defendant Smart Worldwide Financial Technology Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Michael S. Nadel*

Michael S. Nadel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re Subpoenas Issued in:<br><br>GREENBERG & LIEBERMAN, LLC,<br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-20, et al.,<br>Defendants. | Miscellaneous Action No. ________<br><br>(Underlying: D. Md. Civil Action No. 8:26-cv-00187-JRR) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SMART WORLDWIDE FINANCIAL TECHNOLOGY INC.'S MOTION TO QUASH THIRD-PARTY SUBPOENAS ISSUED TO GOOGLE LLC AND EAST WEST BANK**

## I. INTRODUCTION

Plaintiff Greenberg & Lieberman, LLC ("G&L" or "Plaintiff") served subpoenas on Google LLC ("Google") and East West Bank ("East West Bank") that seek sweeping account, financial, device, payment, and communications information far exceeding any authorized discovery purpose.[2] Both Subpoenas were issued from the District of Maryland but designate Plaintiff's Washington, D.C. office, located at 1750 H Street NW, Suite 360, Washington, DC 20006, as the place of compliance. This Court is therefore the proper court to adjudicate this motion under Rule 45(d)(3).[3]

*First*, the Subpoenas are geographically defective. Rule 45(c)(2)(A) requires that a subpoena commanding document production designate a place of compliance within 100 miles of

[2] SMART attempted to meet and confer with Plaintiff's counsel, agreeing to waive service of the Third Amended Complaint, establish a briefing schedule on a motion to dismiss, and conduct discovery in the ordinary course, given SMART's appearance in this action. *See* Exhibit F at 5, 6 and 8. Plaintiff refused to do so before the compliance date in the subpoenas. Instead, Plaintiff insisted on additional premature, extensive discovery he is not entitled to as a precondition to any meet and confer. *Id*. at 1 and 4.

[3] The subpoenas are filed concurrently herewith as Berman Decl., Exs. B and C. Certain sensitive personal and financial identifiable information has been redacted, but SMART is able to share the unredacted versions if the Court prefers.

where the subpoenaed person resides, is employed, or regularly transacts business in person. Google is headquartered in Mountain View, California.[4] East West Bank is headquartered in Pasadena, California.[5] Neither resides, is employed, nor regularly transacts business in person within 100 miles of Washington, D.C. Rule 45(d)(3)(A)(ii) mandates quashing of subpoenas exceeding these geographic limits.

*Second*, the Subpoenas seek privileged and confidential information, including KYC/CIP records, beneficial ownership certifications, payment instruments, device identifiers, IP histories, and communications concerning fraud review and suspicious activity, potentially implicating bank examination privilege and SAR-related protections under 31 U.S.C. § 5318(g)(2).

## II. FACTUAL BACKGROUND

### A. The Underlying Dispute

This action arises from Plaintiff's allegations that approximately $2.7 million in cryptocurrency was stolen from attorney escrow accounts on January 14, 2026. The TAC alleges that the assets were traceable on public blockchains and identifies laundering pathways and downstream service providers. *See* TAC ¶¶ 1–7, 54–70. Plaintiff initially sued unknown defendants and later amended the pleading to name additional entities and individuals, including SMART.

[4] *See* Google.com, https://www.google.com/about/careers/applications/locations/mountain-view/ (indicating Mountain View, CA as Google's "Global HQ").

[5] *See* EastWestBank.com, https://www.eastwestbank.com/en/contact-us (indicating Pasadena, CA as its "Corporate Headquarters"). While East West Bank has already produced documents, this motion is still proper. In civil cases, "a motion to quash is not necessarily rendered moot by production of the requested materials because while a court may not be able to return the parties to the status quo ante . . . a court can fashion some form of meaningful relief." *United States v. Vo*, 78 F. Supp. 3d 171, 176-77 (D.D.C. 2015) (citation and internal quotations omitted). Here, Plaintiff's counsel, as an officer of the Court, has represented to SMART's counsel that the East West documents have not been reviewed. Accordingly, the Court *can* return the parties to the status quo ante.

### B. The Court's Discovery Order

On May 15, 2026, the Court entered the Discovery Order (ECF No. 56), authorizing expedited discovery, *nunc pro tunc* to previously served subpoenas, only for: (a) identifying the Doe Defendants 1–20 and the operating entities of Bridgers, Butter Network, DJI-Pay, and Tronify; (b) tracing the disposition of cryptocurrency assets traceable to the January 14, 2026 theft; and (c) effectuating service on defendants whose identities are confirmed through that discovery. Ex. A (Discovery Order).[6]

The Discovery Order imposed a separate limitation on the material that could be obtained: expedited discovery "shall be limited to non-content subscriber and account-identification records, account transaction records reasonably related to the tracing of the proceeds at issue, and related metadata," and "shall not include the content of communications protected by the Stored Communications Act, 18 U.S.C. § 2702 *et seq.*" Ex. A, at 2 (Discovery Order).

Plaintiff failed to attach the Subpoenas it had issued or intended to issue when it filed the motion for expedited discovery. *See Greenberg & Lieberman, LLC v. John Does 1-20, et al.*, Civil Action No. 8:26-cv-00187-JRR (D. Md.), ECF No. 55.

### C. The Third-Party Subpoenas

On April 17, 2026, Plaintiff issued a subpoena to Google (the "Google Subpoena"). Ex. B (Google Subpoena). It designates G&L's Washington, D.C. office as the place of compliance and seeks all documents and information relating to a Target Account, including 14 categories. *Id*.

On August 3, 2026, Plaintiff issued a subpoena to East West Bank (the "East West Bank Subpoena"), served on August 7, 2026, likewise designating G&L's Washington, D.C. office as the place of compliance. Ex. C, at 1 (East West Bank Subpoena).

[6] Citations to Exhibits herewith are attached to the Berman Decl.

### D. SMART Is Added as a Defendant

On July 19, 2026, Plaintiff filed the TAC (ECF No. 68), naming SMART as a defendant for the first time. SMART has now appeared through counsel. The East West Bank Subpoena was issued *after* that amendment, and the Google Subpoena has continued to be pursued after SMART appeared. SMART's appearance as a party materially changes the discovery calculus: Plaintiff can now obtain relevant information directly from SMART, and discovery can proceed through ordinary party discovery procedures, eliminating any justification for sweeping third-party discovery from SMART's service providers.

### E. Status of Productions and Correspondence

SMART acted promptly to preserve the status quo. Upon learning of the Subpoenas, SMART's counsel contacted both Plaintiff's counsel and the subpoena recipients to request that production be held pending a meet and confer. Google has agreed to hold production until September 8, 2026. Ex. D (Google Correspondence). East West Bank has already produced documents to Plaintiff; Ex. E (East West Bank Correspondence). However, Plaintiff has agreed not to review the production until September 15, 2026. Ex. F, at 4 (Correspondence with Plaintiff's Counsel). SMART has filed a concurrent motion for protective order in the District of Maryland addressing the same Subpoenas on scope, proportionality, and party-discovery grounds.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3) states that motions to quash or modify a subpoena must be filed with "the court for the district where compliance is required." The advisory committee notes to the rule further explains that "subpoena-related motions and applications are to be made to the court where compliance is required . . . ." Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendment; *see also United States v. Preston*, No. CV 13-

00265 (RC), 2015 WL 13708609, at *2 (D.D.C. Aug. 24, 2015) (explaining that a motion addressing subpoena compliance must be filed in the district where compliance will occur).

Rule 45(d)(3)(A) provides four independent grounds on which a court *must* quash or modify a subpoena. The court must quash a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). These grounds are mandatory; the rule uses "must," not "may."

Rule 45(c)(2)(A) specifies the geographic limits for document production: "A subpoena may command . . . production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." This limitation is self-executing: a subpoena that designates a place of compliance more than 100 miles from any of those locations is facially defective. *See* Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment ("Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c)"); *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629-30 (C.D. Cal. 2018) (finding that the U.S. District Court for the Northern District of California was the compliance court because "it is within 100 miles of where . . . Google is headquartered" and because "Google's custodians of records reside . . . and . . . produced records . . . .").

## IV. <u>ARGUMENT</u>

### A. Both Subpoenas Must Be Quashed Because They Require Compliance Beyond the Geographic Limits of Rule 45(c)(2)(A)

Both Subpoenas designate Plaintiff's Washington, D.C. office, located at 1750 H Street NW, Suite 360, Washington, DC 20006, as the place of compliance. Ex. B, at 2; Ex. C, at 1. Google

LLC is headquartered in Mountain View, California, approximately 2,400 miles from Washington, D.C. East West Bank is headquartered in Pasadena, California, approximately 2,300 miles from Washington, D.C. Neither resides, is employed, nor regularly transacts business in person within 100 miles of Washington, D.C.[7]

Rule 45(c)(2)(A) could not be clearer: a subpoena may command production of documents "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45(d)(3)(A)(ii) mandates that the court "must quash or modify a subpoena" that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." The 2013 advisory committee note confirms: "Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c)."

Courts consistently enforce this limitation. *See In re Malyugin*, 310 F. Supp. 3d 3, 5 (D.D.C. 2018) ("Because . . . compliance will require [the third-party] to travel more than 100 miles from where he resides, is employed, or regularly transacts business in person, the motion to quash is granted."); *see also Europlay*, 323 F.R.D. at 629-30 (the 100-mile rule applies to document subpoenas under the plain text of Rule 45(c)(2)(A)).

This ground alone is dispositive. Rule 45(d)(3)(A)(ii) is mandatory and requires quashing, not merely permits it.

### B. The Subpoenas Seek Privileged and Confidential Information Under Rule 45(d)(3)(A)(iii)

Rule 45(d)(3)(A)(iii) requires the court to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Both Subpoenas seek categories of information implicating significant privacy and confidentiality interests.

---

[7] *See supra*, n.1 and n.2.

The East West Bank Subpoena demands KYC/CIP records, beneficial ownership certifications, signature cards, officer and director information, and, critically, communications concerning "account opening, account closure, fraud review, or suspicious activity" (Request 7). Ex. C, at 3. Such communications may implicate bank examination privilege and protections for suspicious activity reports ("SARs") and related materials under the Bank Secrecy Act. 31 U.S.C. § 5318(g)(2) provides that no financial institution or officer, director, or employee thereof may notify any person involved in the transaction that the transaction has been reported, and courts have extended this protection to the underlying communications and analyses leading to SAR filings. *See* 31 U.S.C. § 5318(g)(2); 31 C.F.R. § 1020.320(e); *United States v. Alexander*, No. 3:20-CR-31-CWR-LGI-1, 2023 WL 1868190, at *2 (S.D. Miss. Feb. 9, 2023) ("The subpoena at issue would not only require [the third party] to reveal whether an SAR was filed, but also to reveal its contents. That request seems to plainly violate the [Bank Secrecy] Act."); *see also Enargy Power (Shenzhen) Co. v. Xiaolong Wang*, No. 13-11348-DJC, 2014 WL 2048416, at *3 (D. Mass. May 16, 2014) (narrowing bank records subpoena because certain requests were "too attenuated to the facts and claims in this case to justify their production" and the "request for suspicious activity reports is even further beyond the scope of this litigation.").

The Google Subpoena's Request 14, seeking law enforcement holds, preservation requests, and prior legal process, seeks collateral legal-process information that is outside any authorized discovery category and that may disclose the existence of sealed or confidential governmental investigations. Ex. B, at 3.

Additionally, both Subpoenas seek confidential financial records, payment instruments, device identifiers, and IP address histories, all of which implicate SMART's significant privacy and confidentiality interests. *See* Ex. B, at 2-3; Ex. C, at 3. While SMART does not claim that all

such records are privileged, their wholesale production without narrowing or a protective order would be intrusive, disproportionate, and unnecessary, particularly where a limited subset would serve any legitimate identity or tracing purpose.

## VI. CONCLUSION

For the foregoing reasons, SMART respectfully requests that the Court enter an order:

(a) Quashing the Google Subpoena in its entirety;

(b) Quashing the East West Bank Subpoena in its entirety;

(c) Ordering Plaintiff to not review and to destroy all documents produced in response thereto, and submit a certification, under oath, of the same; and

(d) Granting such other and further relief as the Court deems just and proper.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Michael S. Nadel*

Michael S. Nadel (D.C. Bar No. 470144)
McDermott Will & Schulte LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000
mnadel@mcdermottlaw.com

Joseph B. Evans (*pro hac vice* forthcoming)
M. Elias Berman (*pro hac vice* forthcoming)
Daniel H. Kaltman (*pro hac vice* forthcoming)
McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, N.Y. 10017
(212) 547-5400
jbevans@mcdermottlaw.com
eberman@mcdermottlaw.com
dkaltman@mcdermottlaw.com

*Counsel for Defendant Smart Worldwide Financial Technology Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re Subpoenas Issued in:<br><br>GREENBERG & LIEBERMAN, LLC,<br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-20, et al.,<br>Defendants. | Miscellaneous Action No. ________<br><br>(Underlying: D. Md. Civil Action No. 8:26-cv-00187-JRR) |

**[PROPOSED] ORDER**

Upon consideration of Defendant Smart Worldwide Financial Technology Inc.'s ("SMART") Motion to Quash Third-Party Subpoenas Issued to Google LLC and East West Bank, and the accompanying Memorandum of Law, and for good cause shown, it is hereby **ORDERED** as follows:

1. SMART's Motion to Quash Third-Party Subpoenas is GRANTED.

2. The subpoena issued to Google LLC on April 17, 2026 in *Greenberg & Lieberman, LLC v. John Does 1-20, et al.*, Civil Action No. 8:26-cv-00187-JRR (D. Md.), is hereby QUASHED in its entirety.

3. The subpoena issued to East West Bank on August 3, 2026 in *Greenberg & Lieberman, LLC v. John Does 1-20, et al.*, Civil Action No. 8:26-cv-00187-JRR (D. Md.), is hereby QUASHED in its entirety.

4. Pending resolution, Google LLC and East West Bank are prohibited from producing, and Plaintiff Greenberg & Lieberman, LLC is prohibited from reviewing, any materials responsive to the Subpoenas.

SO ORDERED this _____ day of _____________, 2026.

_________________________________
United States District Judge